# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANNE A. BASCO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:10-CV-2613-VEH |
| | ) |
| **BAMA STAR, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction and Procedural History**

Plaintiff Anne A. Basco ("Ms. Basco") initiated this job discrimination case against Defendant Bama Star, LLC ("Bama Star") on September 27, 2010. (Doc. 1 at 1). The court file reflects that service of the summons and complaint was perfected on Bama Star on October 1, 2010, through its registered agent by certified mail, which receipt was signed by James S. Bellamy ("Mr. Bellamy"). (Doc. 4).

On December 17, 2010, the clerk entered a default (Doc. 8) due to Bama Star's failure to respond to Plaintiff's complaint after being duly served. (Doc. 8). Pending before the court is a Motion for Default Judgment (the "Motion") (Doc. 9) filed by Ms. Basco on December 17, 2010. The Motion seeks to have a default judgment entered by the court against Bama Star.

On December 17, 2010, the court entered an order (Doc. 10), requiring Bama Star to show cause no later than 20 days from the entry date of the order (*i.e.*, January 6, 2010), why the Motion should not be granted. This show cause deadline has passed, and no response has been filed by Bama Star.

Further, an acknowledgment of service of the show cause order on Bama Star has been filed by the clerk. (Doc. 11). Specifically, on December 20, 2010, Mr. Bellamy signed, on behalf of Bama Star, for the delivery of the show cause order. (*Id.*).

## II.   Standard on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, entry of default under Rule 55(a) does not entitle a party to his requested relief. Either the clerk or the court must enter a default judgment under Rule 55(b). Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[1] The factual

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same).  When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  On the other hand, if a specific sum is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> <u>The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment</u>. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports*, *Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate

only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007) (emphasis added).

### III. Analysis

The court has reviewed the complaint and it appears that Ms. Basco has averred sufficient facts that, due to their admission as a result of Bama Star's failure to appear after being duly served, judgment is due to be entered in favor of Ms. Basco as to liability. More specifically, Ms. Basco has alleged that Bama Star was her "employer for purposes of Title VII and § 1981" (Doc. 1¶ 7), and that she began working for Bama Star "as a cashier/back lien employee" in April 2008. (Doc. 1 ¶ 15).

Ms. Basco further states in her complaint that her "race and national origin is Filipino/Spanish" and indicates in her EEOC charge that she is "an Asian Pacific female." *See* Doc. 1 ¶ 14; Doc. 1-1 ("I am an Asian Pacific female.)). Ms. Basco has also asserted that, on July 9, 2008, Bama Star terminated her employment because of her "alleged use of the word 'bitchin' in a private conversation with a co-worker in the back of the restaurant" while "employees of a different race/national origin than [Ms. Basco] [have] us[ed] profanity in front of the District Manager without being

4

terminated." (Doc. 1 ¶¶ 18, 19).

In sum, Ms. Basco has factually established (1) her protected status under Title VII and 42 U.S.C. § 1981, (2) an adverse employment action by her employer, *i.e.*, her discharge, and (3) examples of other similarly situated employees with a different national origin/race classification than Ms. Basco, who received more favorable treatment than she, despite having engaged in the same or even arguably worse on-the-job misconduct. *See, e.g., Marshall v. Mayor and Alderman of City of Savannah*, 366 Fed. Appx. 91, 97 (11th Cir. 2010) ("In order to prevail, Marshall must first establish a prima facie case of discrimination by showing that 'she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class.'") (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)).  Therefore, the court finds based upon the allegations contained in Ms. Basco's complaint (Doc. 1) and her attached EEOC documents, that Bama Star violated Title VII and § 1981 by illegally discharging Ms. Basco from employment on the basis of her national origin and/or race, namely, as a Filipino/Spanish/Asian Pacific person.  Because Ms. Basco has demanded a jury trial (Doc. 1 at 1), and because the damages are not "for a sum certain or a sum that can be made certain by computation," *see* Fed. R. Civ. P. 55(b)(1), the case will be set for a jury trial, as to damages only.

## IV.  Conclusion

Accordingly, the Motion is **GRANTED** with leave for Ms. Basco to prove her damages at trial to a jury. By separate order, the court will set this case for a jury trial solely on the issue of damages.

Finally, the clerk is **DIRECTED** to send a copy of this order to Bama Star via regular and certified mail at its registered agent's last known address of record:

Bama Star, LLC
c/o Registered Agent CSC Lawyers
150 S. Perry Street
Montgomery, AL  36104.

**DONE** and **ORDERED** this the 13th of January, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge